IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESTER WILLIAMS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **10-171-JPG-CJP** |
| ) | |
| **LIEUTENANT SHAW, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Lester Williams filed this action under 42 U.S.C. §1983 on January 29, 2010, in the Northern District of Illinois.  At that time, he was an inmate in the custody of the IDOC, and was assigned to Dixon Correctional Center.  The lawsuit concerns events which allegedly occurred while he was assigned to Lawrence Correctional Center.  **(Doc. 1)**.

The Northern District transferred the case to this District on March 2, 2010.  **See, Docs. 6-8**.  In a letter dated April 27, 2010, plaintiff informed the Court that he was then assigned to Western Illinois Correctional Center, and he asked for more time in which to file his prison trust account statement.  He also informed the Court that he would be getting out of prison in May, 2010, and that he would be living at 6 North Hamlin Boulevard, Apt. 820, Chicago, Illinois 60624.  **See, Doc. 11.**

Since that time, mail sent by the Court to the North Hamlin address has been returned as undeliverable.  **See, Docs.17, 18 & 20.**  The Court has had no communication from plaintiff

since the letter of April 27, 2010.  Plaintiff has not submitted USM-285 forms, and defendants have not been served.

On November 16, 2010, the Court ordered plaintiff to file a change of address by November 30, 2010.  **Doc. 19**.  He has not done so.

The order on preliminary review states "Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs."  **Doc. 14, p. 9.**

The order of June 16, 2009, warned plaintiff that failure to inform the Court of his current address would result in sanctions, and that the sanctions "may include monetary penalties and/or dismissal of this case."

**Fed.R.Civ.P. 16(f)** provides that the Court may sanction a party for failing to obey a pretrial order.  **Rule 16(f)** incorporates the sanctions provisions of **Fed.R.Civ.P. 37(d)**.  Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to notify the Court of his current address.  .

This Court has given plaintiff the "warning shot" required by *Ball v. City of Chicago*, **2 F.3d 752, 755 (7th Cir. 1993)**.  Plaintiff's failure to keep the Court informed of his whereabouts and his failure to take action to effectuate service on the defendants demonstrate that plaintiff has lost interest in this litigation and has failed to diligently prosecute his case.

## Recommendation

For the foregoing reasons, this Court recommends that plaintiff's complaint be dismissed with prejudice as to all defendants.

2

Objections to this Report and Recommendation must be filed on or before **January 3, 2011.**

Date:   December 16, 2010.

>                             **s/ Clifford J. Proud**
>                             **CLIFFORD J. PROUD**
>                             **U.S. MAGISTRATE JUDGE**